IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 08-CR-30004-MJR |
| ) | |
| RONFREDERICK BOLING, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM and ORDER

REAGAN, District Judge:

Arraigned on March 31, 2008, Defendant Boling initially was scheduled to proceed to trial on June 2, 2008. In May 2008, Boling moved for appointment of a new attorney and filed a waiver of speedy trial rights. The undersigned Judge granted Boling's motion to appoint new defense counsel, appointed G. Ethan Skaggs, and continued trial to September 15, 2008. Boling then decided to enter a guilty plea, but declined to proceed with that course of action on September 11, 2008, resulting in the Court granting Boling's oral motion to continue trial and resetting trial for December 1, 2008. Boling unsuccessfully moved to disqualify attorney Skaggs prior to that setting.

Three business days before the December 1st trial setting, Boling moved to proceed pro se herein (Doc. 50). The Court conducted a hearing on that motion November 25, 2008. Defendant Boling (who was duly sworn) presented to the Court his request to represent himself (Doc. 50, page. 3) and confirmed that he does desire to

proceed pro se.

The Court conducted a thorough colloquy with Defendant Boling, pursuant to *California v. Faretta*, 422 U.S. 806, 835 (1975), discussing Defendant's education, mental status, physical health and ability to think clearly. The Court questioned Defendant Boling on the potential penalties he faces if convicted in this case following trial: a potential statutory penalty of 90 years in prison, plus a fine, special assessment and supervised release term, and a guideline range of 262 to 327 months by the Government's calculations. The Court also apprised Defendant Boling that if he pled guilty and received acceptance of responsibility "credit," he faces a low end range of 188 months, per the Government's calculations.

Mr. Boling recognized the severity and seriousness of the matter, discussed his prior state court criminal case, acknowledged that he had never studied law (other than one "pre-law class" in high school and some "reading up" he has done on the Federal Rules of Evidence while in jail awaiting this trial), and acknowledged the three charges against him in this federal criminal prosecution. The Court stressed the dangers and consequences of self-representation in this matter. The Court explored with Defendant Boling the requirements for examining witnesses at trial, both on direct or cross-examination, and objecting to opposing counsel's questions at the appropriate point or waiving his objections.

The Court offered Mr. Boling the option of continuing the case so that he could explore the possibility of getting a new attorney that he could pay for himself, with

trial continued to February 9, 2009. Boling responded that he would rather go to trial December 1, 2008. Defendant Boling requested standby counsel. The Court said Mr. Skaggs would continue as standby counsel. Boling requested a different attorney to serve as his standby counsel, but the Court denied that request, as the standard has not been met for appointment of a third lawyer herein.

After concluding that Defendant Boling had knowingly and voluntarily waived his right to counsel, the Court **GRANTED** the motion for attorney Skaggs to withdraw as counsel of record and for Defendant Boling to proceed pro se (Doc. 50). The Court APPOINTED Attorney Skaggs **STAND-BY COUNSEL**. The undersigned Judge will conduct all voir dire in the case but will allow both parties to present any requested voir dire questions on the first day of trial (9:00 am on Monday, December 1st).

The Court discussed logistics with the parties, such as witness examination (from counsel table), etc. Government counsel advised the Court and Defendant Boling that he (Boling) could still proceed with a guilty plea and obtain the acceptance of responsibility points as of this date. Defendant Boling again indicated his desire to proceed to trial. (Additionally, out of the presence of Government counsel, the Court discussed subpoenas for the witnesses Defendant Boling wishes to call at trial.)

Finally, the Court again verified that Defendant Boling opts to waive his right to (a) file a late suppression motion and (b) have that motion set for hearing, understanding that the filing, briefing and hearing of such motion would result in a trial continuance, likely to February 9, 2009. Boling elects to forego the chance to pursue the

suppression motion and instead insists on proceeding to trial on December 1, 2008.

IT IS SO ORDERED.

DATED this 25th day of November 2008.

s/ Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA, )
 )
        Plaintiff, )
 )
vs. ) Case No. 08-CR-30004-MJR
 )
RONFREDERICK BOLING, )
 )
        Defendant. )

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

Arraigned on March 31, 2008, Defendant Boling initially was scheduled to proceed to trial on June 2, 2008. In May 2008, Boling moved for appointment of a new attorney and filed a waiver of speedy trial rights. The undersigned Judge granted Boling's motion to appoint new defense counsel, appointed G. Ethan Skaggs, and continued trial to September 15, 2008. Boling then decided to enter a guilty plea, but declined to proceed with that course of action on September 11, 2008, resulting in the Court granting Boling's oral motion to continue trial and resetting trial for December 1, 2008. Boling unsuccessfully moved to disqualify attorney Skaggs prior to that setting.

Three business days before the December 1st trial setting, Boling moved to proceed pro se herein (Doc. 50). The Court conducted a hearing on that motion November 25, 2008. Defendant Boling (who was duly sworn) presented to the Court his request to represent himself (Doc. 50, page. 3) and confirmed that he does desire to

Page 1 of 4

proceed pro se.

The Court conducted a thorough colloquy with Defendant Boling, pursuant to *California v. Faretta*, 422 U.S. 806, 835 (1975), discussing Defendant's education, mental status, physical health and ability to think clearly.  The Court questioned Defendant Boling on the potential penalties he faces if convicted in this case following trial:  a potential statutory penalty of 90 years in prison, plus a fine, special assessment and supervised release term, and a guideline range of 262 to 327 months by the Government's calculations.   The Court also apprised Defendant Boling that if he pled guilty and received acceptance of responsibility "credit," he faces a low end range of 188 months, per the Government's calculations.

Mr. Boling recognized the severity and seriousness of the matter, discussed his prior state court criminal case, acknowledged that he had never studied law (other than one "pre-law class" in high school and some "reading up" he has done on the Federal Rules of Evidence while in jail awaiting this trial), and acknowledged the three charges against him in this federal criminal prosecution.  The Court stressed the dangers and consequences of self-representation in this matter.  The Court explored with Defendant Boling the requirements for examining witnesses at trial, both on direct or cross-examination, and objecting to opposing counsel's questions at the appropriate point or waiving his objections.

The Court offered Mr. Boling the option of continuing the case so that he could explore the possibility of getting a new attorney that he could pay for himself, with

trial continued to February 9, 2009. Boling responded that he would rather go to trial December 1, 2008. Defendant Boling requested standby counsel. The Court said Mr. Skaggs would continue as standby counsel. Boling requested a different attorney to serve as his standby counsel, but the Court denied that request, as the standard has not been met for appointment of a third lawyer herein.

After concluding that Defendant Boling had knowingly and voluntarily waived his right to counsel, the Court **GRANTED** the motion for attorney Skaggs to withdraw as counsel of record and for Defendant Boling to proceed pro se (Doc. 50). The Court APPOINTED Attorney Skaggs **STAND-BY COUNSEL**. The undersigned Judge will conduct all voir dire in the case but will allow both parties to present any requested voir dire questions on the first day of trial (9:00 am on Monday, December 1st).

The Court discussed logistics with the parties, such as witness examination (from counsel table), etc. Government counsel advised the Court and Defendant Boling that he (Boling) could still proceed with a guilty plea and obtain the acceptance of responsibility points as of this date. Defendant Boling again indicated his desire to proceed to trial. (Additionally, out of the presence of Government counsel, the Court discussed subpoenas for the witnesses Defendant Boling wishes to call at trial.)

Finally, the Court again verified that Defendant Boling opts to waive his right to (a) file a late suppression motion and (b) have that motion set for hearing, understanding that the filing, briefing and hearing of such motion would result in a trial continuance, likely to February 9, 2009. Boling elects to forego the chance to pursue the

suppression motion and instead insists on proceeding to trial on December 1, 2008.

IT IS SO ORDERED.

DATED this 25th day of November 2008.

s/ Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge