IN THE UNITED STATES DISTRICT COURT
                    FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,       )
                                )
                Plaintiff,      )
                                )
vs.                             )       Case No. 08-CR-30004-MJR
                                )
RONFREDERICK BOLING,            )
                                )
                Defendant.      )

                           **MEMORANDUM and ORDER**

**REAGAN, District Judge:**

    **A.**    **Defendant Boling's Pro Se Motions (Docs. 59, 60, 61)**

At a hearing on November 25, 2008, the Court granted Defendant Boling's motion to proceed pro se and granted attorney Ethan Skaggs' motion to withdraw as defense counsel. The Court also partially granted and partially denied Defendant Boling's motion to issue subpoenas for trial witnesses (a motion which Boling presented in oral and written form to the Court at the hearing, after explaining that he had mailed the motion earlier to the Clerk's Office).

At that time, the Clerk's Office had received but not yet docketed Boling's motions to disqualify Skaggs as defense counsel, to permit Boling to proceed pro se herein, and to issue subpoenas for trial witnesses. Boling's pro se motions (received by the Clerk's Office on November 24th but not docketed until *after* the November 25th hearing) -- **Docs. 59 and 61** -- are now **DENIED AS MOOT**, having already been ruled on by the Court at the November 25th hearing.

Boling filed one other pro se motion: **Doc. 60**, a motion to dismiss the indictment. That motion was belatedly filed. The deadline for motions to dismiss the indictment or to suppress evidence elapsed seven months ago. That fact alone supports denial of the motion. Because Boling asserts that problems with his counsel resulted in the missed deadline, the Court will address the merits of the late-filed motion (Doc. 60).

Boling presents four grounds for dismissing the indictment: (1) prosecutorial misconduct, (2) ineffective assistance of counsel, (3) violation of speedy trial rights, and (4) judicial misconduct. As is described below, the Court **DENIES IN PART** and **RESERVES RULING IN PART** on this motion (Doc. 60).

### 1. Speedy Trial Violations

In prior Orders and on the record at prior hearings, the undersigned Judge has thoroughly traced the chronology of this case, discussed the trial continuances granted at Mr. Boling's request, and rejected his arguments regarding speedy trial violations. Having considered the arguments in Boling's pro se November 24, 2008 motion, the Court reaches the same conclusion. Trial is scheduled to commence on December 1, 2008, well within the timetable imposed by the Speedy Trial Act. Any delay occasioned herein and each of the continuances granted to date clearly were attributable to Boling's knowing, informed and voluntary choices (e.g., to obtain new counsel a week before the original trial setting). Careful review of the record reveals that dismissal of the indictment is *not* merited based on any infraction under the Speedy Trial Act.

### 2. Ineffective Assistance of Counsel

Boling's arguments regarding ineffective assistance of counsel do not supply a ground upon which to dismiss the indictment. Typically, such claims are best presented via a petition under 28 U.S.C. § 2255. ***See, e.g., Massaro v. U.S.*, 538 U.S. 500, 505-06 (2003).** Assuming, arguendo, that these arguments are properly and timely raised via the instant motion (filed 2 business days before trial), the Court finds no merit in them. Initially bearing note is the fact that the Court appointed Boling a second attorney after Boling expressed unhappiness with his original attorney. Boling quickly grew disenchanted with his second appointed lawyer and sought to discharge him but presented no sufficient grounds for appointment of a third attorney. Although the Sixth Amendment to the United States Constitution guarantees Boling the right to assistance of counsel, he does not have the right to counsel *of his choice.* **U.S. v. Alden, 527 F.3d 653, 660 (7th Cir. 2008),** *citing* **U.S. v. Oreye, 263 F.3d 669, 671 (7th Cir. 2001),** *cert. denied*, **535 U.S. 933 (2002). See also U.S. v. Bender, 539 F.3d 449, 454 (7th Cir. 2008)("The right to counsel of choice does not extend to defendants who require counsel to be appointed for them.").**

Moreover, throughout the course of the pretrial proceedings, when Boling repeatedly attempted to discharge his second appointed attorney, the Court conducted hearings and ascertained that Boling's complaints largely centered on strategic decisions made by counsel, decisions with which Boling simply disagreed. The right to effective counsel does not include the right to compel counsel to raise frivolous arguments or to follow every directive made by the defendant. **See, e.g., U.S. v. Boyd, 86 F.3d 719, 723 (7th Cir. 1996)(certain key decisions remain with the defendant, but the majority of strategic choices are counsel's to make), *cert. denied,* 520 U.S. 1231 (1997).**

And, as a general rule, an attorney's strategic decisions do not constitute deficient performance. **Carlson v. Jess, 526 F.3d 1018, 1027 (7th Cir. 2008),** *citing* **Strickland v. Washington, 466 U.S. 668, 688-89 (1984).** Nor does the Sixth Amendment require a district court "to appoint a new lawyer each time the defendant requests one." **Oreye, 263 F.3d at 671 (holding a district court well within his rights to refuse to appoint a defendant a third attorney when he had insufficient basis for dissatisfaction with his second appointed counsel).**

As to the remaining two bases on which Defendant Boling urges dismissal of the indictment (judicial misconduct and prosecutorial misconduct), the record before the Court contains no support for Boling's allegations, but the Court will hear argument before trial commences on December 1, 2008.

### 3. Judicial Misconduct

Boling asserts that the undersigned Judge "has blatantly denied the defendant his basic constitutional rights" by (a) denying him the right to proceed pro se, (b) not appointing him effective counsel, and (c) ignoring misconduct by the attorneys in the case.

The first of these contentions is moot, as the undersigned Judge now *has* permitted Boling to proceed pro se. Also worth noting is the fact that he Court offered Boling the chance to proceed pro se in July 2008, spelling out carefully in open Court (and then reiterating in a written Order ) what steps should be taken if Boling wanted to do so (*see* Doc. 29).

When Boling did take those steps the week prior to the December 1st trial

date, the Court immediately set a hearing so that it could engage in a *Faretta* colloquy. **See *U.S. v. Johnson*, 534 F.3d 690, 693 (7th Cir. 2008)(Before permitting a criminal defendant to proceed pro se, district court must apprise defendant of "the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and the choice is made with eyes open.").**

The second "judicial misconduct" contention is unavailing, for the reasons articulated above as to ineffective assistance of counsel.

The third "judicial misconduct" contention – that the undersigned Judge has "ignored certain misconduct actions made by the prosecutor and Ethan Skaggs" (Doc. 60, p. 1) – is undeveloped and appears to lack substance, although the Court will permit Boling and Government counsel to address it at 9:00 am on December 1st.

### 4. Prosecutorial Misconduct

Selective prosecution claims (which Boling's prosecutorial misconduct allegations touch upon) are properly raised prior to trial. **See *U.S. v. Blake*, 415 F.3d 625, 628 (7th Cir. 2005), *citing U.S. v. Jarrett*, 705 F.2d 198, 204 (7th Cir. 1983), *cert. denied*, 465 U.S. 1004 (1984), and Fed. R. Crim. P. 12(b).** Boling asserts that prosecutor Norwood has a "personal vendetta" against him and is "vindictively prosecuting" him (Doc. 60, p. 1).

The law of this Circuit requires district courts to "presume that prosecutors faithfully and lawfully discharge their constitutional duties." Prosecutors have "significant discretion to determine whether or not to prosecute," but that discretion *is* subject to constitutional constraints such that the decision to prosecute may not be based on "an unjustifiable standard such as race, religion, or other arbitrary classification." ***Blake*, 415 F.3d at 627-28.** The Court will allow Boling and the Government to address this claim at 9:00 am on December 1st.

### B. The Government's November 26, 2008 Motions (Docs. 62, 63)

The Government moves the undersigned Judge to "prevent and prohibit hybrid representation of Defendant Boling" (Doc. 62) and to prevent and exclude the presentation by Defendant Boling of "certain evidence from East St. Louis Police Officer witnesses" (Doc. 63).

The Court will hear arguments on these two motions at 9:00 am on December 1st.

Finally, the parties are **ADMONISHED THAT NO FURTHER MOTIONS SHALL BE FILED.** The Court's willingness to consider belatedly-filed motions up to date should not be taken as an indication that the practice is favored. Today is the last business day prior to trial, and all deadlines for motion-filing have long elapsed. If circumstances warrant additional motions, those motions will have to be presented orally on December 1, 2008.

The Clerk's Office of this of Court **SHALL IMMEDIATELY MAIL THIS ORDER** to Defendant Boling (assuring that it is placed in the afternoon mail today, Wednesday November 26, 2008).

IT IS SO ORDERED.

DATED this 26th day of November 2008.

s/ Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge