# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) Case No. 08–cr-30004-SMY |
| RONFREDRICK F. BOLING, | ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

On January 8, 2008, Defendant Ronfredrick F. Boling was indicted on one count of possession with intent to distribute cocaine base and two counts of distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Doc 1). A jury found Boling guilty on all counts on December 3, 2008 (Doc. 67). District Judge Michael J. Reagan sentenced Boling to 180 months imprisonment on each count to be served concurrently, 6 years of supervised release, and imposed a $900 fine (Doc. 117). Boling's projected release date is July 8, 2021.

This matter comes before the Court on Boling's motion for a reduction of his criminal sentence following the retroactive application of the Fair Sentencing Act of 2010, Pub. L. 111-220; §§ 2-3, 124 Stat. 2372, 2372 (2010), as set forth in the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) (Docs. 181, 185). The Government opposes the Motion (Doc. 189).

## Discussion

Congress passed the Fair Sentencing Act of 2010 which reduced the crack-to-powder penalty disparity from 100:1 to 18:1. Pub. L. No. 111-220, 124 Stat. 2372 (2010); *Dorsey v. United States*, 567 U.S. 260, 263–64 (2012). In 2018, Congress made the reduction retroactive when it enacted the First

Step Act of 2018, permitting courts to reduce the sentences of defendants convicted of a "covered offense" before August 3, 2010. Pub. L. No. 115-391, 132 Stat. 5194 (2018).

The Court's authority to reduce a sentence under the First Step Act applies only to federal offenses committed before August 3, 2010 (the effective date of the Fair Sentencing Act) for which the Fair Sentencing Act changed the statutory penalty range, *i.e.*, certain crack cocaine offenses. *See* First Step Act, § 404(a). Whether to reduce a sentence under the First Step Act is within the discretion of the Court. *See* First Step Act, § 404(c).

The United States Supreme Court recently held that § 2(a) of the Fair Sentencing Act modified the statutory penalties only for subparagraph (A) and (B) crack offenses – offenses which triggered mandatory-minimum penalties – and did not modify the statutory penalties for offenses under § 841(b)(1)(C). *Terry v. United States,* No. 20-5904, 2021 WL 2405145, at *5 (U.S. June 14, 2021). In other words, the First Step Act did not render an offender convicted under § 841(b)(1)(C) eligible for a sentence reduction. *Id.*

Accordingly, Boling, who was convicted under § 841(b)(1)(C), is not eligible for a sentence reduction under the First Step Act. His motions to reduce sentence (Docs. 181, 185) are therefore **DENIED**.

**IT IS SO ORDERED.**

**DATED:  June 21, 2021**

**STACI M. YANDLE
United States District Judge**